21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Donald J. MCCLAIN, Plaintiff, Appellant,
v.
Gordon CLARK, ET AL., Defendants, Appellees.
 No. 93-2139
 United States Court of Appeals, First Circuit
 April 13, 1994
 
 Appeal from the United States District Court for The District of Massachusetts [Hon. D. Brock Hornby, U.S. District Judge ]
 Donald J. McClain on brief pro se.
 Marc J. Miller and Bernstein, Golder & Miller, P.A. on brief for appellee Gordon Clark.
 D.Mass.
 AFFIRMED
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Donald McClain filed an action in the district court under 42 U.S.C. Sec. 1983 against Gordon Clark, a correctional officer, and John McGonigle, the Middlesex County Sheriff. McClain alleged the use of excessive force by Clark in the process of moving McClain from the jail in which he was housed to a van in preparation for transportation to court. The district court granted Clark's motion for summary judgment. In so doing, it relied on Clark's affidavit to find that the force used by Clark was reasonable and necessary to fulfill his duties under Whitley v. Albers, 475 U.S. 312 (1986).
 
 
 2
 On appeal, McClain first complains that he never received the report of a magistrate judge which had earlier recommended the denial of McClain's motion for summary judgment. McClain also states that he was not notified that the case had been transferred from Judge Wolf to Judge Hornby. In light of the fact that McClain apparently received notice of Judge Wolf's adoption of the magistrate judge's recommendation, it is hard to see how he was prejudiced. Even if he was deprived of the opportunity to file objections to the report, he essentially received an equivalent opportunity when he responded to Clark's motion for summary judgment. That is, he wrote a memorandum and submitted his medical records and the affidavits of two witnesses to some of the events in question.
 
 
 3
 Second, McClain argues that he met the requirements for summary judgment because he suffered an injury to his right hand when Clark smashed his hand by stepping on it and when Clark, in double-handcuffing him, placed the cuffs on so tightly that circulation was cut off to his hands. Also, prison officials allegedly applied excessive force in the way they carried him to the van. McClain asserts that the actions of the prison officials, especially Clark, were not warranted because he (McClain) never presented a threat to any officers.
 
 
 4
 To prevail on a motion for summary judgment, a moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the movant has met this standard, the burden shifts to the non- moving party to establish the existence of "at least one issue that is both 'genuine' and 'material.' " Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991) (citation omitted); Fed. R. Civ. P. 56(e). Here, as Judge Hornby noted, McClain did not file his own affidavit. However, he did submit the affidavits of the two inmates; he also submitted medical records.
 
 
 5
 To show an Eighth Amendment violation when force is used, an inmate must demonstrate "the unnecessary and wanton infliction of pain." See Whitley, 475 U.S. at 320. That is, that the force was not " 'applied in a good faith effort to maintain or restore discipline [but was used] maliciously and sadistically for the very purpose of causing harm.' " Id. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)). In considering this question, courts must take into account "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them.... " Id. at 321.
 
 
 6
 Upon reviewing the affidavits of the two prisoners and comparing them to Clark's affidavit, the following undisputed scenario emerges. There was an argument in which McClain refused to let the prison officials prepare him for transportation to court and in which he denied the requests that he be voluntarily handcuffed as required by prison policy. Although one of the inmates asserts in his affidavit that McClain "appeared" not to be putting up any resistance, Clark nonetheless forced McClain onto a table with a night stick. However, this inmate also states that he (the inmate) was taken out to the van immediately after this occurred. Thus, he did not see, nor did the other inmate claim to see, what happened next when Clark put the leg irons on McClain and began patting down McClain. Because McClain claims that Clark inflicted the force (smashing his hand and tightening the handcuffs) during this period of time, we think that Clark's version of what happened in the course of the ensuing process remains uncontradicted. That is, that McClain, due to his resistance and combativeness, presented a threat to Clark which required the use of force by Clark.
 
 
 7
 Once this is established, the question then becomes whether the force employed was used "maliciously and sadistically for the very purpose of causing harm" or, as Clark asserts in his affidavit, in a "good faith" effort to keep McClain in custody and under control. "The focus of this standard is on the detention facility official's subjective intent to punish." Valencia v. Wiggins, 981 F.2d 1440, 1449 (5th Cir.), cert. denied, 113 S. Ct. 2998 (1993). Further, the Whitley Court recognized that deference should be accorded prison officials in the choice and use of practices they believe are necessary to maintain security. See 475 U.S. at 321-22.
 
 
 8
 Given the situation facing Clark-that McClain had to be transported to court but was refusing to proceed voluntarily-Clark reasonably could have perceived that some force would be needed to accomplish this goal. Moreover, once McClain became combative, and therefore potentially dangerous, one way to subdue and keep McClain from hurting others was by the use of leg irons and handcuffs. In the absence of any evidence to the contrary, Clark's assertion that, based on the facts then before him, he acted in good faith during this process must be taken as true. See Whitley, 475 U.S. at 321.
 
 
 9
 Because the use of force in this case was not constitutionally excessive, the alleged injuries McClain suffered become irrelevant. We therefore need not address McClain's claim that Clark committed perjury by stating in his affidavit that McClain had not received any "significant injury."
 
 
 10
 The judgment of the district court is affirmed.